

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 30, 1947

Mrs. Aillen Mitchell
County Auditor
Fort Bend County
Richmond, Texas

Opinion No. V-21

Re: Authority of County
Clerk to charge a fee
for recording deputy
commissions.

Dear Mrs. Mitchell:

Your letter of recent date requesting an
opinion from this Department on the above subject mat-
ter is as follows:

"The question has arisen in our County
as to whether or not it is legal, under the
law for the County Clerk to charge a regis-
tration fee for recording deputations such
as the Sheriff's and Tax Assessor's deputy
commissions.

"We have several new deputies in these
offices for this year and we would appre-
ciate your advice and opinion as to whether
we should charge a recording fee for plac-
ing their deputations on record."

Fort Bend County has a population, according
to the 1940 Federal Census, of 32, 963. Therefore,
county officers of said county are compensated on a
salary basis.

Section 1 of Article 3912e provides:

"No district officer shall be paid by
the State of Texas any fees or commission
for any service performed by him; nor shall
the State or any county pay to any county
officer in any county containing a popula-
tion of twenty thousand (20,000) inhabi-
tants or more according to the last pre-
ceding Federal Census any fee or commission
for any service by him performed as such
officer; provided, however, that the asses-
sor and collector of taxes shall continue

to collect and retain for the benefit of
the Officers' Salary Fund or funds herein-
after provided for, all fees and commis-
sions which he is authorized under law to
collect; and it shall be his duty to ac-
count for and to pay all such monies re-
ceived by him into the fund or funds cre-
ated and provided for under the provisions
of this Act; provided further, that the
provisions of this Section shall not af-
fect the payment of costs in civil cases
by the State, but all such costs so paid
shall be accounted for by the officers
collecting same, as they are required un-
der the provisions of this Act to account
for fees, commissions and costs collected
from private parties."

In view of the foregoing provision, it is the
opinion of this Department that the county cannot pay
any fee to the County Clerk for recording appointments
or deputations of deputies.

The law requires the appointment or depu-
tation of certain deputies to be recorded in the office
of County Clerk. For example: deputy county clerks--
Article 1938, deputy district clerks - Article 1898,
deputy sheriff - Article 6869. We do not find, however,
any statute requiring the recordation in the County
Clerk's office of the appointment or deputation of dep-
uty tax assessor.

Article 3930 provides, in part, as follows:

"Clerks of the county Court shall re-
ceive the following fees:

"Recording all papers required or per-
mitted by law to be recorded, not otherwise
provided for, including certificate and
seal, for each 100 words                .15"

Therefore, it is our further opinion that the
County Clerk would be entitled to receive a fee of fif-
teen (15¢) cents for each 100 words from the deputies
for the recording of the appointment or deputation of
those deputies whose appointment is required to be re-
corded, but said fee must be deposited in the Officers'
Salary Fund.

## SUMMARY

(1)  County cannot pay any fee to the County
     Clerk for recording appointments or dep-
     utations of deputies.

(2)  County Clerk is entitled to a fee of
     fifteen (15¢) cents for each 100 words
     from the deputies for recording their
     appointments or deputation; said fee
     to be deposited in the Officers' Salary
     Fund.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    John Reeves
                      Assistant

JR:djm:/pd

APPROVED JAN 30, 1947
PRICE DANIEL
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN